Filed 12/1/25  P. v. Vizcarra CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| THE PEOPLE, | B337969 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA510179 |
| v. | |
| GERARDO VIZCARRA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kevin P. Stennis, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan and Jonathan M. Krauss, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury found Gerardo Vizcarra guilty of voluntary manslaughter.  At sentencing, the trial judge vacillated between

the mid and low terms, solicited victim input from a family member, and imposed the mid term.  We affirm.

I

Vizcarra killed Gary Lloyd in Lloyd's home.  The victim supposedly was Vizcarra's friend. Lloyd was 82 years old and Vizcarra about 72 years old.  They argued over money, came to blows, and Lloyd eventually died because of the fight.

Vizcarra waited at least overnight to call for help for Lloyd.  He attempted to convince first responders Lloyd had choked to death on watermelon, but Lloyd had no airway obstructions, was covered in bruises and scratches, and had upper body trauma and evidence of strangulation.

The prosecution charged Vizcarra with murder, but the jury convicted him of the lesser offense of voluntary manslaughter.  (Pen. Code, § 192, subd. (a).)  Vizcarra admitted the aggravating factor that he engaged in violent conduct indicating he posed a serious danger to society.  (Cal. Rules of Court, rule 4.421(b)(1).)

Vizcarra was present at the sentencing hearing with his counsel.  The prosecutor requested the upper term of 11 years, while the defense originally requested probation only.  The court heard argument from both attorneys and considered an impact statement from Michael Lebeau, Lloyd's nephew.

Reflecting that he would be open to a future request for resentencing due to Vizcarra's age, the trial court rejected arguments for probation or the high term.  It stated it was difficult to decide between the low and mid terms.  The court noted the jury found Vizcarra guilty of voluntary rather than involuntary manslaughter.  The court remarked the decision was difficult and asked Lebeau for comment.  Lebeau supported the

2

mid term, saying Lloyd should have been safe from such an attack in his own home.

The trial court sentenced Vizcarra to the mid term of six years in state prison. The court gave Vizcarra credit for 553 days of actual custody and 82 days of good time/work time and ordered him to pay fines and fees.

Vizcarra appealed the sentence.

## II

Discretion is vested in trial courts in criminal sentencing. Our review is deferential. (*People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1104.) To establish an abuse of discretion, Vizcarra must show the trial court's decision was outside the bounds of reason: arbitrary, capricious, or patently absurd. (*People v. Thai* (2023) 90 Cal.App.5th 427, 433.)

Vizcarra argues the court did not exercise its independent judgment, but picked a sentence based solely on Lebeau's suggestion and the idea that the Department of Corrections would likely come back for resentencing due to Vizcarra's age.

The record contradicts Vizcarra's argument. The court went "back and forth" between the mid and low terms. It considered arguments from both attorneys, and then solicited additional input to help with the decision. This decision was considered, not capricious.

//

//

## DISPOSITION

We affirm.

WILEY, J.

We concur:

STRATTON, P. J.

UZCATEGUI, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4